IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRADLEY MOSES DELORME, ) <br> ) <br> Defendant. ) <br> _____) | Case No. CR-10-096-N-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Defendant Bradley Moses Delorme's ("Delorme") Motion to Dismiss Indictment (Docket No. 15). The briefing is complete on the motion. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**FACTUAL BACKGROUND**

Delorme was convicted of Sexual Abuse of a Minor in criminal case number 02-2540C-EJL. Delorme pled guilty and was sentenced on June 2, 2003 to 33 months of imprisonment to be followed by 3 years of supervised release which included the condition

**Memorandum Order - 1**

to comply with sex offender registration. Exhibit A, Docket No. 19-1. Delorme is a tier I offender which requires him to register for 15 years under the Sex Offender Registration and Notification Act of 2006 (SORNA). 42 U.S.C. §§16915 and 16916.

Delorme was released from custody on July 31, 2006 and placed on supervision. After being released from custody, Delorme registered as a sex offender with the Kootenai County Sheriff on July 22, 2005 (Exhibit C, Docket No. 19-1) and then with the Nez Perce County Sheriff's office on February 15, 2006 (Exhibit D, Docket No. 19-1). A petition on Supervised Release was filed on May 16, 2006, alleging six violations of Delorme's terms of supervision. None of the alleged violations included failure to register. Delorme was sentenced to 4 months imprisonment to be followed by 32 months of supervision upon the same terms and conditions previously set by the Court. Exhibit E, Docket No. 19-1.

On December 8, 2006, Delorme registered with the Nez Perce County Sheriff. Exhibit F, Docket No. 19-2.

On January 16, 2007, a Petition on Supervised Release was filed including six alleged violations of his terms of supervision. One of the alleged violations related to a failure to register. Delorme admitted four of the six violations, but did not admit to the failure to register violation. On June 13, 2007, Delorme was sentenced to 135 days of custody (with credit for 63 days of time served) and 26 months of supervision upon the same terms and conditions which required sex offender registration after his release from custody. Exhibit G, Docket No. 19-2.

**Memorandum Order - 2**

Delorme was released from custody on August 22, 2007, and placed on supervision. Prior to being released from custody, Delorme signed a Sex Offender Registration and Treatment Notification form on August 1, 2007, which informed Delorme of the requirement to register as sex offender in any state he resides, is employed, carries on a vocation or is a student. Exhibit H, Docket No. 19-2.

Additionally, while on Federal supervision, Delorme was given a form explaining the Federal sex offender requirements which he signed on November 2, 2007. Exhibit I, Docket No. 19-2. The form indicated he needed to register with the state and at that time Idaho was not in compliance with the Federal Sex Offender Registration and Notification Act ("SORNA"), so the State of Idaho is unable to accept registration pursuant to SORNA. The form states:

> I am advised that at this time, the State of Idaho is unable to accept my registration pursuant to the Sex Offender Registration and Notification Act of 2006. I understand my duty to register consistent with Idaho state law is not suspended and will remain in effect until the state implements the Sex Offender Registration and Notification Act of 2006. It is my responsibility to maintain contact with the state registration authorities and my probation officer to determine when such registration will be accepted. I understand my duty to register may continue after the expiration of my federal supervision. I further understand that if my federal supervision is transferred to another district, my duty to register as required by the Sex Offender Registration and Notification Act of 2006 shall be governed by that district's policy and the laws of that state.

On December 7, 2007, Delorme registered with the Nez Perce Sheriff's Office. Exhibit J, Docket No. 19-2.

On February 6, 2008, a Petition on Supervised Release was filed and amended on

**Memorandum Order - 3**

February 11, 2008. The Petition contained several alleged violations, but none of the violations were based on a failure to comply with registration requirements. On April 7, 2008, Delorme was sentenced to 10 months imprisonment with no further supervision upon his release. Judgment, Exhibit K, Docket No. 19-2.

Delorme was released from custody on January 23, 2009. Prior to his release from custody, Delorme was given notice of the requirement for him to register as a sex offender in any state in which he resides, is employed, carries on a vocation or is a student. Exhibit L, Docket No. 19-2. Delorme signed the Sexual Offender Registration and Treatment Notification form as did the prison staff in both the Initial Classification section which is dated July 16, 2008 and in the Final Program Review section of the form, but the signatures in that section of the form are not dated. *Id.*

On April 7, 2010, Deputy United States Marshal Claunts accessed the Dru SJODIN National Sex Offender Public Website to determine if Delorme was registered in any jurisdiction. No registration was found. Delorme was indicted on a new criminal charge in the above-entitled matter for failing to register as a SORNA violation of 18 U.S.C. § 2250(a).

Defendant argues the indictment should be dismissed based on the fact the government failed to perform its duty to inform Delorme of his responsibility to register as a sex offender; Delorme's due process rights were violated when he failed to received notice of his liability under SORNA; and the alleged violation of Delorme for failure to register

**Memorandum Order - 4**

violates the Ex Post Facto clause of the Constitution. The Government objects to the arguments Delorme was not informed of his need to register; that his due process rights were violated; and that the current prosecution violates the Ex Post Facto clause of the Constitution.

## ANALYSIS

**1. SORNA**

SORNA was passed in 2006 and became effective on July 27, 2006. "By the time that SORNA was enacted in 2006, every State and the District of Columbia had enacted a sex offender registration law." *United States v. Gould*, 568 F.3d 459, 464 (4th Cir.2009). SORNA's purpose is "to protect the public from sex offenders and offenders against children" by "establish[ing] a comprehensive national system for the registration of those offenders," 42 U.S.C. § 16901. SORNA creates the Federal crime of failure to register which is punishable by up to ten years imprisonment. 18 U.S.C. §2250(a). SORNA requires the creation of a nationwide sex offender registration system that classifies offenders into three categories. The act does not expressly state that the sex offender registration requirements apply retroactively to sex offenders convicted prior to 2006. However, on February 28, 2007, the Office of the Attorney General issued a rule that declared the statute retroactive to sex offenders whose convictions existed pre-implementation of SORNA. 28 C.F.R. §72.3 (2007); 72 Fed.Reg. 8894-95; *United States v. George*, 579 F.3d 962, 964 (9th Cir. 2009). SORNA section authorizing Attorney General to issue regulations was not

impermissible delegation of legislative authority. United States v. Whaley, 577. F3d 254, 264 (5th Cir. 2009). Delorme was designated as a Tier I offender which requires his to update his registration information in person, annually for 15 years. 42 U.S.C. §§16915 and 16916.

An "appropriate official" must give offenders notice of the registration requirements prior to releasing an inmate from custody. 42 U.S.C. §16917. The statute requires the official giving notice to (1) "inform the sex offender of the duties of a sex offender under this subchapter [SORNA] and explain those duties; (2) require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and (3) ensure that the sex offender is registered." *Id.* In response to this statutory requirement, the Bureau of Prisons has inmates sign the Sex Offender Registration and Treatment Notification form when they are initially classified and when they complete their final program review prior to their release from custody. It is unclear to the Court how this form satisfies the third requirement under the statute the official "ensures" the sex offender is registered.

SORNA is only applicable to states and tribes that choose to opt-in to the legislation. Failure to opt in can affect a state or tribe's federal funding. *United States v. George*, 579 F.3d 962, 964-65 (9th cir. 2009). As of August 2, 2010, 237 jurisdictions have requested and received extensions until July 27, 2011 to substantially implement SORNA. *See http://www.ojp.usdoj.gov/smart/pdfs/SORNA_Extensions_Granted.pdf*. Idaho, the Nez Perce

Tribe, the Coeur d'Alene Tribal Council, the Kootenai Tribal Council have all requested and received extensions of time to comply with SORNA's requirements. *Id.*

**2. Did the Government Fail to Inform Defendant of His Duty to Register?**

It is undisputed that Delorme failed to register when he was released from Federal custody on January 23, 2009. Delorme argues he was not informed of his duty to register and that since he was no longer subject to the conditions of supervision (one of which was his duty to register as a sex offender), he mistakenly believed he did not have to register. Neither of these arguments support dismissal of the indictment.

First, it is clear that Delorme signed a Sex Offender Registration and Treatment Notification form as part of his Final Program Review before leaving custody of the Bureau of Prisons in 2009. While an argument can be made the form is not dated so it is unclear when he received the notification, there is no evidence in the record that Delorme did not sign the form on or near the date of his release just has he had previously done when he was released on August 22, 2007. Nor is there any allegation that the Bureau of Prison's customary policy is to have inmates sign both the initial classification section and the final review section of the form on the same date. Accordingly, the Court finds notification of the requirement to register as a sex offender where Delorme resides, works or is a student appears to have been provided prior to his release from prison, so the indictment should not be dismissed. Any challenge to the sufficiency of the notice actually received can be raised

at trial.

Second, to the extent the Defendant was confused about his duty to register as a sex offender since he was no longer being supervised by the Probation Department, this argument must fail for purposes of a motion to dismiss as the requirement to register was both a term or condition of Delorme's supervision and it was a statutory requirement that Delorme had notice of via the Bureau of Prisons notification form which did not limit the duty to register to only persons on supervision or probation. Rather, the duty to register as sex offender was mandatory where Delorme resided, worked or attended schooling and was not conditioned in anyway upon the fact that he was or was not on supervised release.

Moreover, Delorme specifically had past knowledge of his duty to register based on the prior registrations with the county in which he resided on July 22, 2005; February 15, 2006; December 8, 2006; and December 7, 2007. It seems disingenuous to the Court that after being given notice of his requirement to register as a sex offender upon release from custody in 2009, Delorme now argues he was in some manner confused about his duty to register. Delorme had acknowledged in November of 2007 when he signed the Probation Department's Offender Notice and Acknowledgment of Duty to Register as a Sex Offender that such duty was for 15 years and was not limited to the time the sex offender was on supervision. Exhibit I, Docket No. 19-2. The Government should be allowed to proceed with the charges in the indictment and a jury will have to determine if sufficient notification of the duty to register was given to Delorme.

**Memorandum Order - 8**

## 3. Were Defendant's Due Process Rights Violated?

Defendant argues his Due Process rights were violated when he was not informed about the registration requirements. The Court respectfully disagrees. Defendant's argument is premised on the claim Delorme did not receive notice of his duty to register when he was released from custody. As discussed above, the discovery provided by the Government does not support this premise, therefore, there can be no claim for a due process violation since Defendant signed a form prior to leaving the Bureau of Prisons custody that explained he had a duty to register as sex offender where he resided, worked or was a student. Defendant cannot claim "ignorance" of the registration law requirements since he had registered on at least four prior occasions with the county sheriff's office, he signed notices of his obligations from the Bureau of Prisons as well as from his probation officer. Simply put, the undisputed facts presented in the record do not support dismissal of the indictment based on an alleged Due Process violation.

Defendant next argues the SORNA statute is unconstitutional by analogy to a felony registration requirement stuck down by the Supreme Court in *Lambert v. California*, 355 U.S. 225 (1957). The Court finds the analogy fails in this particular case.

> When a law requires someone to undertake an affirmative act to avoid criminal punishment, some knowledge or notice of the law is required. *See Lambert v. California*, 355 U.S. 225, 229 (1957). At issue in *Lambert* was a municipal law requiring anyone who had been convicted of a felony to register with the police if he or she stayed in Los Angeles for five days or more. *Id.* at 226. "Violation of [the statute's] provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are

completely lacking." *Id.* at 229. The Court held that the law violated due process. *Id.* at 229-30.

*United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009).

Delorme mistakenly relies on *Lambert* which is clearly distinguishable. Unlike the defendant in *Lambert*, the record establishes that Delorme was aware he was required to register his address with the government based on the notifications he signed and his past history of registering. *Lambert* relied on the passive nature of the crime combined with the lack of "circumstances which might move one to inquire as to the necessity of registration" to support his due process violation. *Lambert*, 355 U.S. at 229. There is no passive nature of the crime of failing register pursuant to SORNA when a person has knowledge of his duty to register.

The courts have consistently held that notice of duty to register under state law is sufficient to satisfy the Due Process clause under SORNA. *United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009); *United States v. Brown*, 586 F.3d 1342, 1350-51 (11th Cir. 2009); *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008); <u>United States v. Hester</u>, 589 F.3d 86, 93 (2nd. Cir. 2009); *United States v. Shenandoah*, 595 F.3d 151, 1690170 (3rd Cir. 2010); *United States v. Gould*, 568 F.3d 459. 468-69 (4th Cir. 2009). In analyzing these cases, the Court finds all of these cases rejected Defendant's argument that *Lambert* requires more than notice of a duty to register as a sex offender under state law. Stated another way, this Court finds notice of a duty to register as a sex offender under state law is sufficient to satisfy the Due Process requirements of the Constitution and the request

**Memorandum Order - 10**

for dismissal of the indictment based on an alleged Due Process violation is denied.


**4. Is Compliance under SORNA Possible?**

Delorme argues that compliance under SORNA is not even possible since the State of Idaho and/or the applicable tribes have not substantially complied with the requirements of implementing SORNA. Thus, Delorme argues until a state implements SORNA, it is impossible for an offender to register "under SORNA." Again, this argument is without merit.

The Ninth Circuit has ruled that "a sex offender's obligations to register and update his registration under SORNA are generally independent of a jurisdiction's implementation of SORNA's requirements." *United States v. Begay*, ___ F.3d ___, 2010 WL 3619942 (9th Cir. 2010) (*citing United States v. George*, 579 F.3d 962, 965 (9th Cir. 2009)). So even though Idaho and the northern Idaho tribes have sought and received an extension of time to implement their SORNA programs, this does not excuse the Defendant from having to comply with SORNA. Delrome needed to register in the jurisdictions he resided, worked or was a student and he need to update that registration within three days of changing his residence, employment or school and annually verify the information. The jurisdiction in this case was the sex offender registration program for the State of Idaho available at the county sheriff's office at which the Defendant resided, worked or was a student.

Further, in this particular case, this defense does not apply as the Defendant was on

**Memorandum Order - 11**

notice the State of Idaho had not substantially complied with SORNA via the Probation Department's notification form signed by Delorme on November 2, 2007. Exhibit I, Docket No. 19-2. Regardless of Idaho's status implementing SORNA, the Defendant was still required to register as a sex offender and failed to do so. Finally, to the extent the Defendant is arguing "uncontrollable circumstances" regarding Idaho's SORNA implementation prevented his compliance, this affirmative defense was rejected in argument in *United States v. Begay*, ___ F.3d ___, 2010 WL 3619942 (9th Cir. 2010).

**5. Does the Current Prosecution Violate the Ex Post Facto Clause of the Constitution?**

Defendant argues because SORNA was enacted after Delorme's 2003 sex offender conviction, the application of SORNA is in violation of Ex Post Facto Clause of the Constitution. The Ex Post Facto Clause "forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that ten prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981). In this case, SORNA became effective in 2006 and the alleged violation of SORNA occurred in 2010 when Delorme failed to register as a sex offender after his release from custody on January 23, 2009. Since 2007, SORNA's obligations applied immediately regardless of whether a state had implemented SORNAs requirements. *See* 72 Fed.Reg. at 8896; *United States v. George*, 579 F.3d 962, 965 (9th Cir. 2005 (a sex offender's obligation to register is independent of a jurisdiction's implementation of SORNA

requirements). Therefore, Delorme's obligation to register under SORNA in 2009 was "punishable at the time it was committed" so there is no Ex Post Facto issue. *United States v. Begay*, __ F.3d ___, 2010 WL 3619942 (9th Cir. 2010).

**6. Is the SORNA Statue Void for Vagueness?**

In Defendant's reply brief he raises the argument that the SORNA statute is constitutionally defective as it is void for vagueness. The Court agrees a statute is unconstitutionally vague if it fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" or "fails to "provide explicit standard for those who apply them." *United States v. Sandsness*, 988 F.2d 970, 972 (9th Cir. 1993). SORNA, however is not vague on what must be done to comply with the statute. There are two obligations for person is a convicted sex offender: the obligation to register and the obligation to keep said registration current. 42 U.S.C. § 16913(a). SORNA clearly sets forth that failure to register and keep your registration current is prohibited conduct for a convicted sex offender. The Court does not find that the statue is vague regarding the prohibited conduct and the ability of a person of ordinary intelligence to understand the prohibited conduct. Moreover, ignorance of the law is generally not a defense to criminal prosecution. *Ratzlaf v. United States*, 510 U.S, 135, 149 (1994). The argument for dismissal of the indictment based on vagueness of the statute is rejected.

# ORDER

Being fully advised in the premises and for the reasons set forth above, the Court hereby orders the Defendant's Motion to Dismiss Indictment (Docket No. 15) is DENIED.

DATED: **November 18, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Order - 14**